IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| IAN BORDEN, | : | |
| Debtor, | : | Case No. 24-10196-pmm |
| ARNOLD'S OFFICE FURNITURE, LLC and SUNLINE USA, LLC | : | |
| Plaintiffs, | : | |
| v. | : | Adversary No. |
| IAN BORDEN, | : | |
| Defendant. | : | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Plaintiffs, Arnold's Office Furniture, LLC ("Arnold's") and Sunline USA LLC ("Sunline") (referred to collectively as "Plaintiffs"), by and through their undersigned counsel, Fitzpatrick, Lentz & Bubba P.C., bring this adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6) and the Federal Rules of Bankruptcy Procedure 4004 and 7001(6), seeking an order determining that the judgment obtained by Plaintiffs against Defendant Ian Borden (the "Debtor" or "Borden") is excepted from discharge. In support thereof, Plaintiffs state as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 523.

2. Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1409(a) because this adversary proceeding relates to In re: Ian Borden, No. 24-10196 (Bankr. E.D. Pa.) now pending in this Court (the "Bankruptcy Case").

3. This adversary proceeding is commenced pursuant to 11 U.S.C. § 523(c) and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 4004, 4007, and 7001(6),

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) because it concerns a determination of the dischargeability of a particular debt.

## II. PARTIES

5. Plaintiff Arnold's is a Pennsylvania Limited Liability Company that maintains its principal place of business at 313 West 4th Street, Bridgeport, Pennsylvania 19405.

6. Plaintiff Sunline is a Pennsylvania Limited Liability Company and a related business entity of Arnold's that likewise maintains its principal place of business at 313 West 4th Street, Bridgeport, Pennsylvania 19405.

7. Defendant Ian Borden is the Chapter 13 Debtor in the Bankruptcy Case and a resident of Pennsylvania residing at 301 Elmwood Avenue, Reading, Pennsylvania 19609.

## III. FACTS

8. This adversary proceeding arises out of a unanimous jury verdict secured by Plaintiffs in the United States District Court of the Eastern District of Pennsylvania (the "District Court") against the Debtor awarding Plaintiffs the aggregate amount of $1,057,016.00 in damages, including $35,000.00 in punitive damages.

9. Arnold's is a Pennsylvania-based company with decades of experience in the office furniture industry. In early 2020, as the Covid-19 pandemic reached the United States, Arnold's pivoted from its furniture supply offerings to providing FDA-certified personal protection

equipment ("PPE") to companies across the country. To do so, Arnold's created Sunline – a related business entity established by Arnold's for the purpose of marketing PPE.

10. Debtor was hired by Arnold's as a Junior Sales Associate in 2017. He rose through the ranks of the Company and ultimately earned a promotion to Senior Sales Representative. In connection with his sales position, Debtor received training regarding the manufacture, delivery, use, pricing, and sale of PPE, and was afforded access to Plaintiffs' confidential information regarding the same.

11. While employed by Arnolds, Debtor created his own enterprise, IM Borden Group, Inc. ("IMBG"), to compete directly with Plaintiffs' PPE business.

12. Beginning in or around May 2020, and continuing through his eventual termination on October 19, 2020, Debtor misappropriated dozens of files from the Plaintiffs' password-protected computer servers containing confidential information, proprietary information, and trade secrets – all of which he then used on behalf of himself and IMBG to solicit and contract with Plaintiffs' current and prospective clients for the sale of PPE. Debtor took, among other things, a carefully vetted PPE supplier list, meticulously assembled prospective customer lists and contact information, and confidential PPE certification files.

13. When it was discovered that Debtor was directly competing with Arnold's and Sunline, despite being expressly directed to not do so, his employment was terminated.

14. On November 2, 2020, Plaintiffs filed a Complaint in the United States District Court for the Eastern District of Pennsylvania against Debtor and his company, IMBG, which Plaintiffs later amended on February 12, 2021, alleging misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA") and "Pennsylvania Uniform Trade Secrets Act" ("PUTSA"), breach of contract, and breach of fiduciary duty.

15. On May 27, 2022, following a seven-day jury trial on Plaintiffs' claims and Debtor's counterclaims, the Jury unanimously found for Plaintiffs on all claims and counterclaims and awarded $1,057,016.00 in damages, including $35,000.00 in punitive damages (the "Verdict"). A true and correct copy of the Verdict is attached as Exhibit A.

16. The Jury expressly found that Plaintiffs "prove[d] by a preponderance of the evidence that [the Debtor] misappropriated trade secrets" and that "[the Debtor's] trade secret misappropriation [was] willful and malicious." See Exhibit A, ¶¶ 1-6.

17. The Jury further found that Plaintiffs "prove[d] by a preponderance of the evidence that [Debtor] breached his fiduciary duty of loyalty to [Plaintiffs]" and that Plaintiffs "were entitled to punitive damages because the conduct of Debtor in breaching his fiduciary duty of loyalty was malicious, wanton, willful, or oppressive, or showed reckless indifference to the interests of other[.]" See id. at ¶¶ 10-14 (emphasis added).

18. On August 25, 2022, Final Judgment was entered in favor of Plaintiffs. A true and correct copy of the Final Judgment is attached as Exhibit B.

19. On June 6, 2023 the Honorable John Gallagher of the United States District Court for the Eastern District of Pennsylvania entered an Opinion and Order addressing post-trial motions of the parties. Copies of the June 6, 2023 Opinion and Order are attached as Exhibits C and D, respectively.

20. In the June 6, 2023 Opinion, the District Court denied Debtor's Motion for a New Trial expressly stating that the Jury's finding of willful and malicious conduct was "soundly rooted in the evidence admitted at trial."

21. On July 6, 2023, Debtor filed a Notice of Appeal to the Third Circuit Court.

22. On January 22, 2024, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Petition") in this Bankruptcy Case.

23. Simultaneously, Debtor filed a Suggestion of Bankruptcy with the District Court and the Court of Appeals.

24. On April 1, 2023, pursuant to Bankruptcy Rule 3002(a), Arnold's and Sunline each filed Proofs of Claims with this Court in the amount of $838,266.27, representing the total amount of the Verdict awarded to each plaintiff, plus post-judgment interest. The total verdict is in the amount of $1,057,016.00, which includes $35,000 in punitive damages.

25. Plaintiffs file the present Complaint to determine the dischargeability of the debt pursuant to 11 U.S.C. §§ 523(a)(4) and 523(a)(6).

## COUNT I: OBJECTION TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(4)

26. Plaintiffs incorporate by reference Paragraphs 1-25 as if fully set forth at length herein.

27. Pursuant to 11 U.S.C. § 523(a)(4), a debt is precluded from discharge where it arises from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

28. As a Senior Sales Representative for Plaintiffs, the Debtor owed Plaintiffs fiduciary duties – including the duty of loyalty and duty of care.

29. While employed as a Senior Sales Representative and acting in a fiduciary capacity, the Debtor engaged in in a course of conduct amounting to fraud and defalcation including, but not limited to, taking confidential and trade secret information provided to him by Plaintiffs and using said information to compete directly with Plaintiffs by selling PPE to prospective clients for his own personal gain.

30. As a result of Debtor's conduct, the Jury found that the Debtor breached his fiduciary duty of loyalty to Plaintiffs, breached his non-solicitation agreement with Plaintiffs, and misappropriated trade secrets, awarding $1,022,016.00 in actual damages.

31. The Jury further found that Debtor's trade secret misappropriation was "willful and malicious" and that his breach of his fiduciary duty was "malicious, wanton, willful, or oppressive, or showed a reckless indifference to the interest of others."

32. Accordingly, the Jury awarded Plaintiffs $35,000.00 in punitive damages with respect to Plaintiffs' breach of fiduciary duty claim. See id. at ¶14.

33. In sum, the Debtor is indebted to Plaintiffs in the aggregate amount of $1,057,016.00, plus post-judgment interest (the "Debt"). Against this amount, Plaintiffs recovered the sum of $8,300.99 from IMBG accounts with Bank of America.

34. The Petition lists the Debt as an unsecured debt.

35. By virtue of listing the Debt as unsecured, the Debtor seeks to have the Debt discharged.

36. The Debt is nondischargeable under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

37. The Verdict expressly states that the Debtor's misappropriation of trade secrets and breach of his fiduciary duty of loyalty were willful and malicious.

38. Moreover, the District Court, in denying Defendant's Motion for a New Trial, affirmed the jury's finding that the Debtor's breach of his fiduciary duty was willful and malicious as "soundly rooted in the evidence admitted at trial."

39. Therefore, Debtor is precluded from relitigating whether he committed fraud or defalcation while acting in his fiduciary capacity.

**WHEREFORE**, Plaintiffs, Arnold's Office Furniture, LLC and Sunline USA LLC, demand judgment in their favor and against the Debtor, Ian Borden, and respectfully request this Court:

1. Declare and adjudge that the Debt in the amount of $1,057,016.00 plus post-judgment interest net of credit for sums recovered in the amount of $8,300.99, is nondischargeable pursuant to 11 U.S.C. 523(a)(4);

2. Order the Debtor to account fully for all his assets; and

3. Grant such other and further relief that the Court deems just and proper.

**COUNT II: OBJECTION TO DISCHARGE OF DEBT
PURSUANT TO 11 U.S.C. § 523(a)(6)**

40. Plaintiffs incorporate by reference Paragraphs 1-39 as if fully set forth at length herein.

41. Pursuant to 11 U.S.C. § 523(a)(6), a debt is precluded from discharge for "willful and malicious injury by the debtor to another entity or to the property of another entity."

42. Debtor caused injury to Plaintiffs by, among other things, taking confidential and trade secret information provided to him by Plaintiffs and using said information to compete directly with Plaintiffs by selling PPE to his customers and prospective customers for his own personal gain.

43. Debtor acted willfully and maliciously by deliberately and intentionally misappropriating Plaintiffs' trade secrets and wrongfully using the information to compete directly with Plaintiffs.

44. As a result of Debtor's conduct, the jury found that the Debtor breached his fiduciary duty of loyalty to Plaintiffs, breached his non-solicitation agreement with Plaintiffs, and misappropriated trade secrets, awarding $1,022,016.00 in actual damages.

45. The Jury further found that Debtor's trade secret misappropriation was "willful and malicious" and that his breach of his fiduciary duty was "malicious, wanton, willful, or oppressive, or showed a reckless indifference to the interest of others."

46. Accordingly, the Jury awarded Plaintiffs $35,000.00 in punitive damages with respect to Plaintiffs' breach of fiduciary duty claim. See id. at ¶14.

47. In sum, the Debtor is indebted to Plaintiffs in the aggregate amount of $1,057,016.00, and post-judgment interest (the "Debt"). Against this amount, Plaintiffs recovered the sum of $8,300.99 from IMBG accounts with Bank of America.

48. The Petition lists the Debt as an unsecured debt.

49. By virtue of listing the Debt as unsecured, the Debtor seeks to have the Debt discharged.

50. The Debt is nondischargeable under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code.

51. The Jury expressly found that the Debtor's misappropriation of trade secrets and breach of his fiduciary duty of loyalty were willful and malicious.

52. Moreover, the District Court, in denying Defendant's Motion for a New Trial, affirmed the Jury's finding that the Debtor's misappropriation of trade secrets and breach of his fiduciary duty were willful and malicious as "soundly rooted in the evidence admitted at trial."

53. The Debtor is precluded from relitigating whether he willfully and maliciously injured Plaintiffs.

**WHEREFORE**, Plaintiffs, Arnold's Office Furniture, LLC and Sunline USA LLC, demand judgment in their favor and against the Debtor, Ian Borden, and respectfully request this Court:

1. Declare and adjudge that the Debt in the amount of $1,057,016.00 plus post-judgment interest, net of credit for sums recovered in the amount of $8,300.99, is nondischargeable pursuant to 11 U.S.C. 523(a)(4);

2. Order the Debtor to account fully for his assets; and

3. Grant such other and further relief that the Court deems just and proper.

                                        FITZPATRICK, LENTZ & BUBBA, P.C.

Date:   May 2, 2024

By: */s/ Douglas J. Smillie*
      Douglas J. Smillie
      Attorney I.D. No. 36687
      Two City Center
      645 W. Hamilton Street – Suite 800
      Allentown, PA 18101
      dsmillie@flblaw.com
      *Attorneys for Plaintiffs*