UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| IAN BORDEN | : | Case No. 24-10196 (PMM) |
| | : | |
| Debtor | : | |
| | : | |
| ARNOLD'S OFFICE FURNITURE, LLC | : | |
| And SUNLINE USA, LLC | : | Adv. Proc. No. 24-00067 (PMM) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| IAN BORDEN | : | |
| Defendant. | : | |

**DEFENDANT IAN BORDEN'S ANSWER, AFFIRMATIVE DEFENSES AND
RESERVATION OF RIGHTS TO PLAINTIFF'S COMPLAINT**

Ian Borden, defendant in the above captioned Adversary Proceeding (the "Defendant"), by and through his counsel, Smith Kane Holman, LLC, hereby answers the Complaint (the "Complaint") of Plaintiffs Arnold's Office Furniture, LLC and Sunline USA, LLC ("Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. Denied. The assertions contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required or are otherwise deemed denied by operation of law.

2. Denied. The assertions contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required or are otherwise deemed denied by operation of law.

3. Denied. The assertions contained in this paragraph of Plaintiffs' Complaint are denied as conclusions of law to which no response is required or are otherwise deemed denied by operation of law.

4. Admitted. By way of further answer, the allegations are denied on the basis that the Complaint is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

## PARTIES

5. Denied. The assertions contained in this paragraph of Plaintiffs' Complaint are denied in that after reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denied.

6. The assertions contained in this paragraph of Plaintiffs' Complaint are denied in that after reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

7. Admitted in part; denied in part. Defendant admits that he is a chapter 13 debtor in the above case, but denies that he is a resident as alleged.

## FACTS

8. Denied on the basis that Plaintiffs' description of the adversary proceeding is an attempt to characterize its Complaint, which is a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiffs contrary to the contents of that writing is specifically denied. By way of further answer, the "District Court" case is reflected in official transcripts, which is in a written document, the terms

of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

      9.      Denied. The assertions contained in this paragraph of Plaintiffs' Complaint are denied in that after reasonable investigation Defendant is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

      10.      Denied as stated.

      11.      Denied as stated.

      12.      Denied.

      13.      Denied as stated.

      14.      Admitted in part; denied in part. Defendant admits only that a complaint and an amended complaint were filed as alleged. The remaining averments are denied in that they refer to a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiffs contrary to the contents of that writing is specifically denied.

      15.      Denied on the basis that the Verdict is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

      16.      Denied on the basis that the Verdict is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

      17.      Denied on the basis that the Verdict is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

18. Denied on the basis that the Final Judgment is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

19. Denied on the basis that each of the Opinion and Order is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

20. Denied on the basis that the Opinion is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

21. Admitted.

22. Admitted.

23. Admitted only as to the filing of the suggestion of bankruptcy in the applicable courts. The Defendant denies the remaining averment as stated.

24. Admitted in part; denied in part. The Defendant admits only that proofs of claim were filed as alleged. The remaining averments are denied insofar as the assertions contained in this paragraph of Plaintiffs' Complaint contain conclusions of law to which no response is required or are otherwise deemed denied by operation of law. The averments are further denied on the basis that each proof of claim is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

25. Denied as stated.

**COUNT I – Objection to Discharge of Debt Pursuant to 11 U.S.C. § 523(a)(4)**

26. Defendant incorporates by reference each of the preceding paragraphs as though each were fully set forth herein.

27. Denied as a legal conclusion to which no response is required. By way of further answer, the quotation is from the Bankruptcy Code ,which is a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

28. Denied as a legal conclusion to which no response is required. To the extent deemed factual, Defendant denies the allegations and demands strict proof thereof.

29. Denied.

30. Denied on the basis that the jury's findings are in a Verdict, which is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

31. Denied on the basis that the jury's findings are in a Verdict, which is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

32. Denied on the basis that the jury's findings are in a Verdict, which is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

33. Denied as a legal conclusion to which no response is required. To the extent deemed factual, Defendant denies the allegations and demands strict proof thereof.

34. Denied as stated. By way of further answer, the so-called Petition is a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

35. Denied as stated. By way of further answer, the Debtor believes that the debt in questions is fully dischargeable.

36. Denied.

37. Denied on the basis that the Verdict is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

38. Denied on the basis that the Order and Opinion each is in a written document, the terms of which speak for themselves. Any averments, interpretations, representations or characterizations by Plaintiff contrary to the contents of that writing is specifically denied.

39. Denied.

WHEREFORE, Defendant Ian Borden demands judgment in his favor and against the Plaintiff, together with an award of fees, costs, and such further relief as the court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendant incorporates by reference each of the preceding paragraphs as though each were fully set forth herein.

2. Plaintiffs have failed to state a claim upon which relief may be granted.

WHEREFORE, Defendant Ian Borden demands judgment in his favor and against the Plaintiff, together with an award of fees, costs, and such further relief as the court deems just and appropriate under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

3. Defendant incorporates by reference each of the preceding paragraphs as though each were fully set forth herein.

4. Plaintiffs are not entitled to the relief Plaintiffs seek against Defendant as a matter of law.

WHEREFORE, Defendant Ian Borden demands judgment in his favor and against the Plaintiff, together with an award of fees, costs, and such further relief as the court deems just and appropriate under the circumstances.

## RESERVATION OF RIGHTS

1. Defendant reserves the right to add additional affirmative defenses as they become known through investigation and/or discovery in this matter.

Dated:  May 21, 2024                    SMITH KANE HOLMAN, LLC


                                        By:   /s/ David B. Smith
                                              David B. Smith, Esquire
                                              Michael P. Donohue, Esquire
                                              112 Moores Road, Suite 300
                                              Malvern, Pa 19355
                                              (610) 407-7215
                                              *Attorneys for Defendant,*
                                              *Ian Borden*